**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

DAMON L. THREATS,

      Plaintiff,

v.                                            Case No. 5:19-cv-9-TKW/MJF

WARD, et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 (Doc. 18). The undersigned recommends that this case be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), because Plaintiff fails to state a plausible claim for relief.[1]

**I.    Background and Procedural History**

Plaintiff is a prisoner confined at the Holmes County Jail in Bonifay, Florida. (Doc. 18, p. 2). Plaintiff's amended complaint names as Defendants two medical

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

personnel at the Jail: Dr. Ward and Nurse Womble. (Doc. 18, p. 2). Plaintiff claims the Defendants violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA"), 29 U.S.C. § 1181 *et seq.*, when they allowed two jail security officers to be present during a medical appointment concerning his foot. (Doc. 18, pp. 5-6). As relief, Plaintiff seeks "compensation" and "for both parties to either be terminated or disciplined." (Doc. 18, p. 6).

## II.   Discussion

Because Plaintiff is a prisoner and is proceeding *in forma pauperis*, the court is required to review his amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v.*

*Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### A.   **Plaintiff Cannot Sue for Alleged Violations of HIPAA**

Federal courts have held that HIPAA does not create a private cause of action or rights enforceable in a § 1983 action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (affirming dismissal of private plaintiff's HIPAA claim: "HIPAA does not create a private right of action."); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *Webb v. Smart Document Sols., LLC,* 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (same).

As the Fifth Circuit explained in *Acara*:

> HIPAA does not contain any express language conferring privacy rights upon a specific class of individuals. Instead, it focuses on regulating persons that have access to individually identifiable medical information and who conduct certain electronic health care transactions. 42 U.S.C. § 1320d–1. HIPAA provides both civil and criminal penalties for improper disclosures of medical information. 42 U.S.C. §§ 1320d–5, d–6. However, HIPAA limits enforcement of the statute to the Secretary of Health and Human Services. *Id.* Because HIPAA specifically delegates enforcement, there is a strong indication that Congress intended to preclude private enforcement.

470 F.3d at 571 (citations omitted) *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002) ("[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for private suit, whether under § 1983 or under an implied right of action."); *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011) (recognizing that "there is no private right of action for a violation of HIPAA's confidentiality provisions"); *Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) (agreeing with the majority of federal courts "that no private right of action exists under the Healthcare Insurance Portability and Accountability Act"); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates [either] a private cause of action . . . or rights that are enforceable through § 1983."). Plaintiff's claim that the Defendants violated his rights under HIPAA, therefore, provides no plausible basis for relief under HIPAA or § 1983.

### B. <u>Dismissal is Appropriate</u>

Plaintiff's amended complaint fails to state a facially plausible claim for relief. The complaint's deficiencies cannot be cured by amendment. Accordingly, this action should be dismissed for failure to state a claim upon which relief may be granted.

## III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2. The clerk of court be directed to close this case file.

At Panama City Beach, Florida, this 22d day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**